Charles A. Homer, ISB #1630
DeAnne Casperson, ISB #6698
**Holden, Kidwell, Hahn & Crapo, P.L.L.C.**
1000 Riverwalk Drive, Suite 200
P.O. Box 50130
Idaho Falls, ID  83405-0130
Telephone:  (208) 523-0620
Facsimile:  (208) 523-9518
chomer@holdenlegal.com
dcasperson@holdenlegal.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **Jacobs Silver K Farms, Inc.**<br>39 Professional Plaza<br>Rexburg,  ID  83440<br><br>**Kirk M. Jacobs a/k/a Kirk Jacobs Farms**<br>2576 E. 2600 N.<br>Hamer, ID  83425<br><br>       Plaintiffs,<br><br>   vs.<br><br>**Taylor Produce, LLC, a subsidiary of Alan Taylor Produce, Inc.**<br>P.O. Box 436<br>Rigby, ID  83442<br><br>**Alan Taylor Produce, Inc.**<br>P.O. Box 436<br>Rigby, ID  83442<br><br>**Alan L. Taylor**<br>261 N. 3400 E.<br>Rigby, ID  83442<br><br>**Idaho Potato Packers Corporation**<br>40 N. 400 W.<br>Blackfoot, ID  83221 | Case No.:<br><br><br>**CIVIL ACTION COMPLAINT** |

**Nonpareil Corporation**
40 N. 400 W.
Blackfoot, ID  83221

**Nonpareil Farms, Inc.**
40 N. 400 W.
Blackfoot, ID  83221

**Nonpareil Processing Corporation**
40 N. 400 W.
Blackfoot, ID  83221

**Nonpareil Dehydrated Potatoes, Inc.**
40 N. 400 W.
Blackfoot, ID  83221

       Defendants.

For their Complaint, Jacobs Silver K Farms, Inc. and Kirk Jacobs Farms state:

<u>**THE PARTIES**</u>

1.     Plaintiffs are:

    a)  Jacobs Silver K Farms, Inc. ("Silver K Farms"), an Idaho corporation with its principal place of business located at 39 Professional Plaza, Rexburg,  ID 83440;

    b)  Kirk M. Jacobs a/k/a Kirk Jacobs Farms ("Kirk Jacobs Farms"), a sole proprietorship with its principal place of business located at 2576 E. 2600 N. Hamer, ID  83425.

2.     Plaintiffs' business consists of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3.     Defendants are:

    a)  Taylor Produce, LLC, a subsidiary of Alan Taylor Produce, Inc. and Idaho limited liability company with its principal place of business located in Rigby,

Idaho;

b) Alan Taylor Produce, Inc., an Idaho corporation with its principal place of business located in Rigby, Idaho;

c) Alan L. Taylor, an individual who, upon information and belief, resides in Rigby, Idaho;

d) Idaho Potato Packers Corporation ("Idaho Potato Packers"), an Idaho corporation with its principal place of business located in Blackfoot, Idaho;

e) Nonpareil Corporation, an Idaho corporation with its principal place of business located in Blackfoot, Idaho;

f) Nonpareil Farms, Inc. ("Nonpareil Farms"), an Idaho corporation with its principal place of business located in Blackfoot, Idaho

g) Nonpareil Processing Corporation ("Nonpareil Processing"), an Idaho corporation with its principal place of business located in Blackfoot, Idaho;

h) Nonpareil Dehydrated Potatoes, Inc. ("Nonpareil Dehydrated Potatoes"), an Idaho corporation with its principal place of business located in Blackfoot, Idaho.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).   28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Plaintiffs' other claims.

5.    A substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here.  Venue in this District is therefore proper under 28 U.S.C. §1391(b).

## CLAIMS FOR RELIEF

### COUNT I:  TAYLOR PRODUCE, LLC

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
#### *7 U.S.C. §§499e(c)(3)*

6.     Plaintiffs re-allege ¶¶1 through 5.

7.     Taylor Produce, LLC was a commission merchant, dealer, or broker subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-499t ("PACA"), and held valid PACA license number 20120711 issued by the United States Department of Agriculture during the transactions at issue.

8.     Plaintiffs and Taylor Produce, LLC entered into contracts wherein Plaintiffs shipped Produce to Taylor Produce, LLC in interstate commerce in the total amount of $1,331,048.64, calculated as follows:

| Plaintiff | Date of Transactions | Principal Amount |
|---|---|---|
| Silver K Farms | November 4, 2013 | $611,408.44 |
| Kirk Jacobs Farms | October 8, 2013 – November 18, 2013 | $719,640.20 |

9.     The Produce was accepted by Taylor Produce, LLC upon delivery by Plaintiffs.

10.     Under PACA, 7 U.S.C. §499e(c), at the time Taylor Produce, LLC received the Produce in question it became a statutory trustee of the PACA trust for the benefit of Plaintiffs in the amount of $1,331,048.64.

11.     The *res* of the PACA trust includes Taylor Produce, LLC's inventories of Produce, food or products derived from Produce ("Products"), accounts receivable, proceeds of the sale of Produce or Products ("Proceeds"), and assets commingled with, purchased with or otherwise acquired with Proceeds.  Assets subject to the PACA trust are hereinafter referred to as

"PACA Trust Assets."

12.     Plaintiffs gave written notice of intent to preserve their trust benefits to Taylor Produce, LLC in compliance with 7 U.S.C. §499e(c)(3).

13.     Taylor Produce, LLC failed to pay for the Produce shipped or supplied by Plaintiffs.

14.     According to 7 U.S.C. §499e(c), Plaintiffs are unpaid suppliers and sellers of Produce that are entitled to PACA trust protection and payment from Taylor Produce, LLC's PACA Trust Assets.

15.     Plaintiffs seek entry of an Order declaring that they hold valid PACA trust claims in the amount of $1,331,048.64 against Taylor Produce, LLC, and that their valid PACA trust claims include past due interest from the date payment for each shipment became past due, costs and attorneys' fees, if applicable.

## COUNT II:  TAYLOR PRODUCE, LLC

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)(5)*

16.     Plaintiffs re-allege ¶¶1 through 15.

17.     Taylor Produce, LLC is in possession, custody, and control of PACA Trust Assets that must be held for Plaintiffs' benefit.

18.     Taylor Produce, LLC failed to use the PACA Trust Assets to pay Plaintiffs for the shipments of Produce described in ¶8.

19.     As a result, Plaintiffs have suffered damages in the amount of $1,331,048.64, plus interest plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

20.     Plaintiffs seek an Order directing Taylor Produce, LLC to immediately pay to

Plaintiffs, as beneficiaries of the PACA trust, PACA Trust Assets equal to the sum of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

### COUNT III: TAYLOR PRODUCE, LLC

### VIOLATION OF THE PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### *7 U.S.C. §499b(4)*

21.     Plaintiffs re-allege ¶¶1 through 20.

22.     Taylor Produce, LLC received the shipments of Produce described in ¶8.

23.     Plaintiffs preserved their trust rights in accordance with 7 U.S.C. §499e(c)(3).

24.     PACA requires Taylor Produce, LLC, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Plaintiffs and all other unpaid suppliers of Produce – if any exist – until all have been paid in full.

25.     Taylor Produce, LLC failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including Plaintiffs' claims asserted in this lawsuit.

26.     Plaintiffs have suffered damages resulting from Taylor Produce, LLC's failure to maintain and protect the PACA Trust Assets from dissipation in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

27.     Plaintiffs seek creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order

> A.     directing Taylor Produce, LLC to maintain PACA Trust Assets in the amount of at least $1,331,048.64, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims;
>
> B.     directing Taylor Produce, LLC to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and
>
> C.     enjoining Taylor Produce, LLC from dissipating PACA Trust Assets.

## COUNT IV:  TAYLOR PRODUCE, LLC

## <u>VIOLATION OF PACA: FAILURE TO PAY PROMPTLY</u>
### *7 U.S.C. §499b(4)*

28.     Plaintiffs re-allege ¶¶1 through 27.

29.     Taylor Produce, LLC received each of the shipments of Produce described in ¶8.

30.     PACA requires Taylor Produce, LLC to tender full payment promptly to its unpaid suppliers of Produce.

31.     Taylor Produce, LLC failed to pay for the Produce supplied by Plaintiffs within the payment terms.

32.     Plaintiffs have incurred damages resulting from Taylor Produce, LLC's failure to pay promptly in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

33.     Plaintiffs seek an Order directing Taylor Produce, LLC to immediately pay Plaintiffs the sum of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

## COUNT V:  TAYLOR PRODUCE, LLC

## <u>BREACH OF CONTRACT</u>

34.     Plaintiffs re-allege ¶¶1 through 33.

35.     As described in ¶8, Plaintiffs entered into contracts with Taylor Produce, LLC to ship or supply Produce to Taylor Produce, LLC for sale on consignment.

36.     Taylor Produce, LLC breached those contracts by failing to pay for the Produce received.

37.     Plaintiffs have incurred damages resulting from Taylor Produce, LLC's breach of contract in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

38.     Plaintiffs seek entry of judgment in their favor and against Taylor Produce, LLC in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs, and attorneys' fees.

**COUNT VI:   ALAN L. TAYLOR**

**<u>BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES</u>**

39.     Plaintiffs re-allege ¶¶1 through 38.

40.     Alan L. Taylor is a Member and principal of Taylor Produce, LLC.

41.     Alan L. Taylor had full knowledge and responsibility for Taylor Produce, LLC's operations and financial dealings, and had duties to ensure that Taylor Produce, LLC fulfill its duties as trustee of the PACA trust.

42.     Alan L. Taylor had a duty to ensure that Taylor Produce, LLC maintain enough PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

43.     Taylor Produce, LLC breached its duties as statutory trustee of the PACA trust.

44.     Alan L. Taylor breached his fiduciary duty by failing to direct Taylor Produce, LLC to fulfill its duties as PACA trustee.

45.     Plaintiffs have incurred damages resulting from Alan L. Taylor's breach of fiduciary duty in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

46.     Plaintiffs seek entry of judgment in their favor and against Alan L. Taylor in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past

due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

## COUNT VII:  ALAN L. TAYLOR

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

47.     Plaintiffs re-allege ¶¶1 through 46.

48.     Plaintiffs are informed and believe that PACA Trust Assets were transferred by Taylor Produce, LLC to Alan L. Taylor.

49.     Any transfers of PACA Trust Assets by Taylor Produce, LLC to Alan L. Taylor were in breach of the PACA trust.

50.     Alan L. Taylor must hold any PACA Trust Assets having come into his possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust beneficiaries.

51.     Because Alan L. Taylor received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

52.     Plaintiffs seek entry of an Order directing Alan L. Taylor to disgorge any PACA Trust Assets in his possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## COUNT VIII:  IDAHO POTATO PACKERS

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

53.     Plaintiffs re-allege ¶¶1 through 52.

54.     Plaintiffs are informed and believe that PACA Trust Assets were transferred by

Taylor Produce, LLC to Idaho Potato Packers.

55.     Any transfers of PACA Trust Assets by Taylor Produce, LLC to Idaho Potato Packers were in breach of the PACA trust.

56.     Idaho Potato Packers must hold any PACA Trust Assets having come into its possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust beneficiaries.

57.     Because Idaho Potato Packers received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

58.     Plaintiffs seek entry of an Order directing Idaho Potato Packers to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## COUNT IX:  NONPAREIL CORPORATION

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

59.     Plaintiffs re-allege ¶¶1 through 58.

60.     Plaintiffs are informed and believe that PACA Trust Assets were transferred by Taylor Produce, LLC to Nonpareil Corporation.

61.     Any transfers of PACA Trust Assets by Taylor Produce, LLC to Nonpareil Corporation were in breach of the PACA trust.

62.     Nonpareil Corporation must hold any PACA Trust Assets having come into its possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust

beneficiaries.

63. Because Nonpareil Corporation received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

64. Plaintiffs seek entry of an Order directing Nonpareil Corporation to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

**COUNT X:  NONPAREIL FARMS**

**CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS**

65. Plaintiffs re-allege ¶¶1 through 64.

66. Plaintiffs are informed and believe that PACA Trust Assets were transferred by Taylor Produce, LLC to Nonpareil Farms.

67. Any transfers of PACA Trust Assets by Taylor Produce, LLC to Nonpareil Farms were in breach of the PACA trust.

68. Nonpareil Farms must hold any PACA Trust Assets having come into its possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust beneficiaries.

69. Because Nonpareil Farms received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

70.     Plaintiffs seek entry of an Order directing Nonpareil Farms to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## COUNT XI:  NONPAREIL PROCESSING

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

71.     Plaintiffs re-allege ¶¶1 through 70.

72.     Plaintiffs are informed and believe that PACA Trust Assets were transferred by Taylor Produce, LLC to Nonpareil Processing.

73.     Any transfers of PACA Trust Assets by Taylor Produce, LLC to Nonpareil Processing were in breach of the PACA trust.

74.     Nonpareil Processing must hold any PACA Trust Assets having come into its possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust beneficiaries.

75.     Because Nonpareil Processing received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

76.     Plaintiffs seek entry of an Order directing Nonpareil Processing to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## COUNT XI:  NONPAREIL DEHYDRATED POTATOES

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

77.    Plaintiffs re-allege ¶¶1 through 76.

78.    Plaintiffs are informed and believe that PACA Trust Assets were transferred by Taylor Produce, LLC to Nonpareil Dehydrated Potatoes.

79.    Any transfers of PACA Trust Assets by Taylor Produce, LLC to Nonpareil Dehydrated Potatoes were in breach of the PACA trust.

80.    Nonpareil Dehydrated Potatoes must hold any PACA Trust Assets having come into its possession as a trustee for the benefit of Plaintiffs and all similarly situated PACA trust beneficiaries.

81.    Because Nonpareil Dehydrated Potatoes received and retained PACA Trust Assets from Taylor Produce, LLC, Plaintiffs have been damaged in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

82.    Plaintiffs seek entry of an Order directing Nonpareil Dehydrated Potatoes to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets.

## COUNT XIII:  IDAHO POTATO PACKERS, NONPAREIL CORPORATION, NONPAREIL FARMS, NONPAREIL PROCESSING, AND NONPAREIL DEHYDRATED POTATOES

## ALTER EGO

83.    Plaintiffs re-allege ¶¶1 through 82.

84.     Plaintiffs believe and allege that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes are corporate alter egos of each other.

85.     Plaintiffs are informed that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all share the same corporate address of 40 N. Blackfoot W., Blackfoot, Idaho.

86.     Plaintiffs are informed that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all share the same registered agent, Christopher T. Abend.

87.     Plaintiffs are informed that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all share the same corporate President, Christopher T. Abend.

88.     Plaintiffs are informed that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all share the same corporate Director, Randi Phillips.

89.     Plaintiffs are informed that Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all share the same corporate Secretary, Eileen Abend.

90.     Thus, Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes all have the same individuals serving as their respective corporate executives, thereby dominating each of the allegedly separate corporate entities, and all work from the same physical address.

91.     Plaintiffs believe that each of these allegedly separate corporate entities relies upon one shared administrative staff for its day-to-day operations.

92.     Accordingly, Plaintiffs are informed and believe that Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes are so intertwined and non-distinct from each other and Idaho Potato Packers that it appears each operates as an instrument of the others (the "Nonpareil Alter Egos").

93.     In October and November, 2013, Plaintiffs and Taylor Produce, LLC entered into contracts wherein Plaintiffs shipped or supplied Produce to Taylor Produce, LLC in interstate commerce in the total amount of $1,331,048.64, as set forth in ¶8, above.

94.     Plaintiffs are informed and believe that Taylor Produce, LLC transferred ownership and control of the Produce to Idaho Potato Packers to sell to its customers and collect the proceeds.

95.     Idaho Potato Packers is listed as a "member" of Taylor Produce, LLC in Taylor Produce, LLC's 2013 Annual Report filed with the Idaho Secretary of State, as is also listed as a "principal" on Taylor Produce, LLC's PACA license.

96.     Plaintiffs are informed and believe that Idaho Potato Packers improperly withheld payment of the proceeds from the sales of Plaintiffs' Produce, resulting in Taylor Produce, LLC's inability to pay Plaintiffs and its breach of the PACA trust.

97.     The Produce transferred to Idaho Potato Packers and the proceeds from the sales of said Produce consisted of PACA Trust Assets, as defined in ¶11, above.

98.     Plaintiffs believe that the Nonpareil Alter Egos used Idaho Potato Packers as an instrumentality and/or conduit to take possession and control of Plaintiffs' Produce and to

defraud Plaintiffs of the proceeds from the sales of said Produce, all of which constitute PACA Trust Assets.

99.     The dominion and control exercised by the Nonpareil Alter Egos over Idaho Potato Packers and the resulting breach of fiduciary duty by Taylor Produce, LLC as PACA trustee was the proximate cause of the damages suffered by Plaintiffs.

100.     Plaintiffs seek entry of judgment in their favor and against Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes – jointly and severally as alter egos of each other – in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiffs requests:

A.     On Count I, an Order declaring that Plaintiffs holds a valid PACA trust claim in the amount of $1,331,048.64 against Taylor Produce, LLC, and that its valid PACA trust claim includes interest from the date payment for each shipment became past due, costs and attorneys' fees.

B.     On Count II, an Order directing Taylor Produce, LLC to immediately pay to Plaintiffs PACA Trust Assets equal to the sum of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

C.     On Count III, creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Taylor Produce, LLC to maintain PACA Trust Assets in the amount of $1,331,048.64, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA Trust claims, directing Taylor Produce, LLC to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Taylor Produce, LLC from dissipating PACA Trust Assets.

D.     On Count IV, an Order directing Taylor Produce, LLC to immediately pay Plaintiffs the sum of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees.

E.     On Counts I through V, entry of Final Judgment against  Taylor Produce, LLC, in the amount of $1,331,048.64, plus interest from the date payment for each

shipment became past due, costs and attorneys' fees;

F.    On Count VI, entry of a Final Judgment against Alan L. Taylor in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receives from the PACA Trust Assets;

G.    On Count VII, an Order directing Alan L. Taylor to disgorge any PACA Trust Assets in his possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

H.    On Count VIII, an Order directing Idaho Potato Packers to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

I.    On Count IX, an Order directing Nonpareil Corporation to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

J.    On Count X, an Order directing Nonpareil Farms to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

K.    On Count XI, an Order directing Nonpareil Processing to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

L.    On Count XII, an Order directing Nonpareil Dehydrated Potatoes to disgorge any PACA Trust Assets in its possession or control to Plaintiffs to the extent of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA Trust Assets;

M.    On Count XIII, entry of a Final Judgment against Idaho Potato Packers, Nonpareil Corporation, Nonpareil Farms, Nonpareil Processing, and Nonpareil Dehydrated Potatoes – jointly and severally as alter egos of each other – in the amount of $1,331,048.64, plus interest from the date payment for each shipment became past due, costs and attorneys' fees, less any monies Plaintiffs receive from the PACA

Trust Assets; and

N.     Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted on Monday, December 23, 2013.

**Holden, Kidwell, Hahn & Crapo, P.L.L.C.**

/s/Charles A. Homer
_____
Charles A. Homer, ISB #1630
DeAnne Casperson, ISB #6698
1000 Riverwalk Drive, Suite 200
P.O. Box 50130
Idaho Falls, ID  83405-0130
Telephone:  (208) 523-0620
Facsimile:  (208) 523-9518
chomer@holdenlegal.com
dcasperson@holdenlegal.com

*Attorneys for Plaintiffs*