UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOBS SILVER K FARMS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR PRODUCE, LLC, et al., <br><br> Defendants. | Case No.  4:13-CV-535-BLW <br><br> Consolidated Cases: <br> 4:14-CV-141-BLW <br> 4:14-CV-247-BLW <br><br> **MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion for entry of final judgment under Rule 54(b) against certain defendants.  The motion is fully briefed and at issue.  For the reasons set forth below, the Court will grant the motion.

## LITIGATION BACKGROUND

Plaintiffs delivered over $1 million worth of agricultural produce to defendant Taylor Produce LLC but were never paid.  To recover their loss, plaintiffs – referred to collectively as "Jacobs" – brought this lawsuit against Taylor Produce under the Perishable Agricultural Commodities Act of 1930 (PACA).

In addition to their claims against Taylor Produce[1], Jacobs sued a group of defendants referred to as the Nonpareil Defendants.  Jacobs claims that the produce it delivered to Taylor Produce was turned over to the Nonpareil Defendants for sale, but

---

[1] The Court will use the term "Taylor Produce" to refer to defendants Taylor Produce LLC and Alan Taylor.

**Memorandum Decision – page 1**

that the Nonpareil Defendants never remitted the sale proceeds to Taylor Produce, who in turn was unable to pay Jacobs.  Jacobs sues the Nonpareil Defendants for conversion of PACA Trust assets, arguing that the Nonpareil Defendants breached a duty to hold the sale proceeds in trust for the PACA beneficiaries, specifically Jacobs.  While there are a number of entities comprising the Nonpareil Defendants,[2] Jacobs asserts that they are all alter-egos of each other and should be equally liable.

Thus, there are two sets of defendants for the purposes of the motion at issue: (1) Taylor Produce, and (2) Nonpareil Defendants.  The threshold issue between these parties was whether Jacobs was entitled to a PACA Trust as against Taylor Produce.

Jacobs filed a motion for summary judgment against Taylor Produce arguing that it had satisfied all the legal requirements for establishing a PACA Trust against Taylor Produce.  While Taylor Produce did not file a cross-motion for summary judgment, it did seek dismissal of the PACA Trust claims in its response brief on the ground that Jacobs' PACA notices were insufficient.

At the same time, the Nonpareil Defendants filed a motion for summary judgment against Jacobs, making arguments identical – word-for-word identical – to those advanced by Taylor Produce that Jacobs' PACA notices were insufficient.  *Compare Taylor Produce Brief (Dkt. No.120-1) with Nonpareil Defendants Brief (Dkt. No. 103-5)*

---

[2] The Nonpareil Defendants include Idaho Potato Packers Corporation ("IPPC"), Nonpareil Corporation, Nonpareil Farms Incorporated, Nonpareil Processing Corporation, and Nonpareil Dehydrated Potatoes Incorporated.

Judge Lodge, who was presiding at the time, granted Jacobs' motion for summary judgment finding as a matter of law that (1) the PACA notices were sufficient, and (2) Jacobs had a valid PACA Trust claim over Taylor Produce in the amount of $1,327,478.16.  *See Order (Dkt. No. 136).*  On the same day, Judge Lodge issued a separate decision denying the motion for summary judgment filed by the Nonpareil Defendants, incorporating by reference his other decision finding a valid PACA Trust had been established against Taylor Produce.  *See Order (Dkt. No. 135)* at p. 13.

Thereafter the case was transferred to this Court and a trial date was set for November 7, 2016.  Jacobs filed the motion now before the Court to enter a final Judgment under Rule 54(b) against Taylor Produce declaring that Jacobs has a valid PACA Trust against Taylor Produce in the amount of $1,327,478.16.

## ANALYSIS

The Nonpareil Defendants object to Jacobs' motion, arguing that further issues remain for trial and that Rule 54(b) certification is therefore inappropriate.  The Nonpareil Defendants argue that Judge Lodge's decision cannot be deemed final because they are entitled to challenge the sufficiency of the PACA notices at trial.

The Nonpareil Defendants offer no reason to reconsider Judge Lodge's ruling.  They argue simply that because summary judgment was not granted against them specifically, they retain the right to challenge the PACA notices at trial.  The Court disagrees.  The Nonpareil Defendants had a full and fair opportunity to challenge the PACA notices in the summary judgment proceedings, and made arguments in their brief that were word-for-word identical with those made by Taylor Produce.  Judge Lodge

**Memorandum Decision – page 3**

rejected those arguments and held as a matter of law that the PACA notices were sufficient and that a valid PACA Trust was established. To allow the Nonpareil Defendants to plow this same ground in the trial would be to ignore Judge Lodge's decision. In the absence of any ground for reconsidering Judge Lodge's ruling – and the Nonpareil Defendants offer none – the Court refuses to delay Judgment on this ground.

The Nonpareil Defendants argue that they did not raise every issue in their summary judgment motion. More specifically, they cite to their summary judgment brief where they expressly set aside a specific challenge to the PACA notices. In that section of their brief, the Nonpareil Defendants argued that they had evidence that "multiple shipments by [Jacobs] will be shown at trial to have been made outside of the applicable time period and thus not subject to [Jacobs'] PACA claims." *See Nonpareil Defendants Brief (Dkt. No. 103-5)* at p. 11, n. 8. They argued that they need not produce specific evidence of these "multiple shipments" during the summary judgment proceedings because this "complex" issue was better resolved at trial. *Id.* Taylor Produce made this identical word-for-word argument in its brief in response to Jacobs' summary judgment motion.

Judge Lodge expressly rejected this argument, holding that specific facts were required to avoid summary judgment, and that the failure to produce those facts relating to "multiple shipments" warranted ignoring the argument altogether. *See Order (Dkt. No. 136)* at pp. 11-12. Judge Lodge went on to reject all challenges to the PACA notices, and to find as a matter of law that they were sufficient under PACA.

Rule 54(b) gives the Court discretion to grant a final judgment as to one or more, but fewer than all, claims if "there is no just reason for delay." This inquiry asks whether (1) certification would result in successive appeals on the same facts or legal issues; (2) the adjudicated claims are independent of the remaining claims; (3) future developments in the case might moot the appeal; and (4) delay in the entry of the judgment would cause financial harm. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-82 (9th Cir. 2005). "Analyzing a Rule 54(b) judgment requires a pragmatic approach with focus on severability and efficient judicial administration." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010).

Here, all issues regarding Taylor Produce are resolved. The remaining issues for trial are separate from the PACA Trust issues resolved by Judge Lodge. His decision establishes the existence of a PACA Trust – the issue for trial will be whether the Nonpareil Defendants improperly converted those PACA Trust funds. More specifically, a primary issue will be whether the Nonpareil Defendants remitted all the proceeds (from the produce sales) to Taylor Produce as they allege. The result at trial will have no impact on Judge Lodge's ruling regarding the PACA Trust. Either the Nonpareil Defendants converted PACA Trust assets or they did not – neither result will affect the ruling that Taylor Produce owes Jacobs the $1.3 million. The trial issues are therefore entirely separate from the issues resolved by Judge Lodge, and future developments will not moot the appeal. These considerations weigh in favor of certifying a final Judgment under Rule 54(b). Moreover, Jacobs would suffer financial harm through further delay. This case is almost three years old, and by the time trial is completed and further appeals

**Memorandum Decision – page 5**

resolved, it will likely be five or six years old. There should be no further delay in entering Judgment against Taylor Produce.

It is true that certifying a final Judgment will cause two separate appeals where only one would result if the certification was denied. But the equities and the considerations identified above outweigh this consideration. When all the factors are weighed, the Court finds that certification under Rule 54(b) is warranted. The Court will therefore issue a separate Judgment pursuant to Rule 54(b).

DATED: September 24, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court