UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOBS SILVER K FARMS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TAYLOR PRODUCE, LLC, et al.,<br><br>    Defendants. | Case No. 4:13-CV-535-BLW<br><br>Consolidated Cases:<br>4:14-CV-141-BLW<br>4:14-CV-247-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to alter or amend the Court's Judgment against certain defendants. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion.

## LITIGATION BACKGROUND

Plaintiffs delivered over $1 million worth of agricultural produce to defendant Taylor Produce LLC but were never paid. To recover their loss, plaintiffs – referred to collectively as "Jacobs" – brought this lawsuit against Taylor Produce under the Perishable Agricultural Commodities Act of 1930 (PACA).

In addition to their claims against Taylor Produce[1], Jacobs sued a group of defendants referred to as the Nonpareil Defendants. Jacobs claimed that the produce it delivered to Taylor Produce was turned over to the Nonpareil Defendants for sale, but

---

[1] The Court will use the term "Taylor Produce" to refer to defendants Taylor Produce LLC and Alan Taylor.

**Memorandum Decision & Order– page 1**

that the Nonpareil Defendants never remitted the sale proceeds to Taylor Produce, who in turn was unable to pay Jacobs. Jacobs sued the Nonpareil Defendants for conversion of PACA Trust assets, arguing that the Nonpareil Defendants breached a duty to hold the sale proceeds in trust for the PACA beneficiaries, specifically Jacobs.

The Court issued summary judgment on Jacobs' claims against Taylor Produce finding that Jacobs' PACA notices were sufficient, and that Jacobs had a valid PACA Trust claim over Taylor Produce in the amount of $1,327,478.16. *See Order (Dkt. No. 136).* The Court then held a bench trial to resolve Jacobs' claims against the Nonpareil Defendants.

Following that trial, the Court issued its Findings of Fact and Conclusions of Law, and entered Judgment in the amount of $1,327,478.16 in favor of Jacobs and against the Nonpareil Defendants. The decision did not discuss prejudgment interest, and no award for prejudgment interest was made in the Judgment.

Jacobs responded by filing the motion now under consideration asking the Court to award prejudgment interest against the Nonpareil Defendants in the amount of $489,170.20.

## ANALYSIS

The Nonpareil Defendants wrongfully converted PACA funds, as this Court held in its Findings of Fact and Conclusions of Law, and therefore deprived Jacobs of its proceeds for about 4 years. These circumstances justify an award of prejudgment interest in a PACA case. *See Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.,* 307 F.3d 1220, 1226 (9th Cir. 2002) (concluding that "a district court may award

**Memorandum Decision & Order– page 2**

reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants"). Moreover, motions for prejudgment interest are properly brought as motions to alter or amend previously-entered judgments, as Jacobs has done here. *See, Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

Relying on these authorities, the Court rejects the Nonpareil Defendants' arguments that no legal grounds exist for both Jacob's motion and the award of prejudgment interest. The final argument raised by the Nonpareil Defendants is that they were blocked from presenting evidence concerning the dates the payments to Jacobs were due. But the Court rejected that argument in an earlier decision. *See Memorandum Decision (Dkt. No. 168).* The Nonpareil Defendants had a full opportunity to challenge the PACA notices, and the dates on those notices, but failed to do so, as the Court held in that earlier decision. *Id.*

For all of these reasons, the Court finds that an award of prejudgment interest is warranted, and that the sum of $489,170.20 reasonably represents the loss of PACA funds wrongfully converted by the Nonpareil Defendants. The Court will therefore grant the motion to alter or amend filed by Jacobs, and issue a separate judgment under Rule 58(a) for $489,170.20 in prejudgment interest. The Nonpareil Defendants are made up of the following defendants: Idaho Potato Packers Corporation ("IPPC"), Nonpareil Corporation, Nonpareil Farms Incorporated, Nonpareil Processing Corporation, and Nonpareil Dehydrated Potatoes Incorporated. In the Court's earlier Findings of Fact and Conclusions of Law, the Court found them jointly and severally liable for the underlying
**Memorandum Decision & Order– page 3**

Judgment, and the Court will follow that ruling in holding them jointly and severally liable for this prejudgment interest award.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter or amend (docket no. 204) is GRANTED, and the Court will issue a separate judgment awarding prejudgment interest in the sum of $489,170.20 against the Nonpareil Defendants.

DATED: August 29, 2017

B. Lynn Winmill
Chief Judge
United States District Court