UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOBS SILVER K FARMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR PRODUCE, LLC, et al.,<br><br>Defendants. | Case No. 4:13-CV-535-BLW<br><br>Consolidated Cases:<br>4:14-CV-141-BLW<br>4:14-CV-247-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion by the Nonpareil Entities for entry of judgment against defendants. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# ANALYSIS

This is a PACA case where plaintiff Jacobs shipped potatoes to Taylor Produce but never received payment. Jacobs prevailed and was awarded $1.3 million against Taylor. Jacobs also sued the Nonpareil Entities who had marketed and sold Jacob's potatoes for Taylor. The Nonpareil Entities had collected over $1 million in sales proceeds that they retained on the ground that they were entitled to be reimbursed for their marketing expenses.

Following a bench trial to resolve Jacobs' suit against the Nonpareil Entities, Jacobs prevailed and was awarded $1,089,798.90. The Court held that the Nonpareil

Entities failed to prove at trial that the marketing expenses they claimed were related to Jacobs' potatoes. *See Findings of Fact & Conclusions of Law (Dkt. No. 197)* at p. 6.

The Nonpareil Entities challenged that decision on appeal, and argued in the alternative that if the decision was affirmed, Taylor should be liable to satisfy the Judgment on a subrogation/indemnification theory. While the appeal was pending, the Nonpareil Entities agreed to pay Jacobs $1,089,798.90 in settlement of its claims. *See Satisfaction of Judgment (Dkt. No. 227).* This settlement ended the appeal by the Nonpareil Entities as against Jacobs, but the Nonpareil Entities continued their appeal as against Taylor, arguing that Taylor should be liable for this settlement sum paid to Jacobs. The Ninth Circuit, however, dismissed that appeal, holding that it lacked jurisdiction because this Court had never ruled on the Nonpareil Entities' subrogation/indemnification claim. *See Order (Dkt. No. 229).*

The Nonpareil Entities now ask the Court to enter Judgment on their claim against Taylor for subrogation/indemnification. Taylor responds that the claim is "time-barred" because the Nonpareil Entities failed to obtain a resolution of their indemnification claim before taking the appeal. But they cite no authority to support that argument, and the Court finds it unpersuasive.

A stronger reason to deny the Nonpareil Entities' claim is that at trial they were unable to prove that their expenses were related to Jacobs' potatoes. Under Idaho law, indemnity and subrogation are overlapping equitable principles "based on the general theory that one compelled to pay damages caused by another should be able to seek recovery from that party." *Chenery v. Agri-Lines Corporation,* 766 P.2d 751, 754

**Memorandum Decision & Order – p. 2**

(1988). If the Nonpareil Entities had been able to prove that they incurred expenses marketing Jacobs' potatoes under their agreement with Taylor, they would have a strong case to be indemnified by Taylor for the $1 million Nonpareil Entities paid to Jacobs. Equity would demand indemnification under those circumstances. But here, the Nonpareil Entities were unable to prove at trial that the expenses they claimed were related in any way to Jacobs' potatoes. Certainly, the Nonpareil Entities incurred expenses marketing Jacobs' potatoes for Taylor, but it was their burden to prove the amount of those expenses. Failing to do so makes it unclear whether those expenses were incurred marketing Jacobs' potatoes, marketing Taylor's potatoes bought from a source other than Jacobs, or marketing another's potatoes altogether – equity would not demand charging Taylor with the expenses of marketing another's potatoes. The failure of proof has injected such uncertainty into the record that the Court cannot find that equity compels indemnification. The Court will therefore deny the motion for judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for entry of judgment (docket no. 230) is DENIED.

DATED: July 2, 2018

B. Lynn Winmill
Chief U.S. District Court Judge